The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RALEIGH EVANS, and
SEATTLE'S FINEST POLICE
SECURITY & TRAFFIC CONTROL,
LLC, a Washington Corp.

Plaintiffs,

vs.

CITY OF SEATTLE,
a municipal Corporation,

Defendant.

No. 2:13-CV-01602 JCC

FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, Raleigh Evans and Seattle's Finest Police Security & Traffic Control, LLC, by and through their attorneys, and allege as follows:

I. PARTIES

1.1   Plaintiff Raleigh Evans is a citizen of Washington state. At all times material to this action Plaintiff was a permanent resident in Kitsap County, Washington. Raleigh Evans is the president of Seattle's Finest Policy Security & Traffic Control, LLC [hereinafter "Seattle's Finest"]. Seattle's Finest does business in King County, Washington.

FIRST AMENDED COMPLAINT- 1
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

1.2  Seattle's Finest Policy Security & Traffic Control, LLC, is a Washington Corporation. The company was established in 2002. Its primary function is to provide security for local businesses in the Greater Seattle area. It uses off-duty police officers to perform this traffic control and security work.

1.3  The City of Seattle is a municipal corporation.

## II. JURISDICTION AND VENUE

2.1  All acts and omissions complained of herein occurred in King County, Washington.

## III. FACTS AND CIRCUMSTANCES

The following factual allegations are not intended to be exhaustive in nature and are written solely to provide notice to the Defendant of the general nature of Plaintiff's complaint.

3.1  Plaintiff Raleigh Evans is currently employed by Defendant City of Seattle as a commissioned police officer. He was hired on or about March 3, 1995.

3.2  Evans is a co-owner of Seattle's Finest. Seattle's Finest has been doing business in King County since 2002. Evans performs scheduling work for Seattle's Finest.

3.3  Seattle's Finest has an on-going business relationship with First & Goal, Inc. scheduling police officers for security and traffic control in and around Century Link Field.

3.4  Upon information and belief, The City of Seattle desires to take over the business, and the resultant financial benefits, of scheduling off-duty police officers to private business for traffic and security work at Century Link field. The Seattle Police

FIRST AMENDED COMPLAINT- 2
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

Department exercises authority to issue "secondary work permits" to Seattle Police Officers to allow them to work in "a law enforcement capacity." See: Seattle Policy Manual, section 5.120. However, secondary employment for commissioned police officers in a non-law-enforcement capacity is not regulated by the City.

3.5  The Seattle Police Department has customarily required police officers to apply for a secondary work permit to perform scheduling work for off-duty police officers performing traffic control and security for private entities. These secondary work permits have routinely been granted. They appear to function as a formality, solely as a way to notify the City of such activities.

3.6  In February 2013, Officer Raleigh Evans submitted a secondary employment permit renewal requesting continued permission to coordinate scheduling of off-duty police officers at an event at Century Link Field as has been required by custom.

3.7  The City of Seattle denied Evans' secondary employment permit to perform scheduling work for Century Link field events. In this denial, Evans was specifically not permitted to engage in that scheduling work. The City of Seattle premised its denial on the basis that Evans' "skill set is not well suited" for scheduling off-duty police officers.

3.8  The work of scheduling off-duty police officers is not "secondary employment" as defined by the Seattle Police Department Manual. However, the Seattle Police Department has insisted that a permit is required for off-duty police officers to perform scheduling work. In a Memorandum dated April 9, 2013, Officer Evans was not

FIRST AMENDED COMPLAINT- 3
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

3.9     Upon information and belief, the City of Seattle has issued a similar denial of a secondary permit to one other commissioned Seattle Police Officer who was performing scheduling work for off-duty police officers at Century Link Field on behalf of Plaintiff Seattle's Finest.

IV.  5th & 14th AMENDMENTS, 42 U.S.C. §1983

4.0     Plaintiffs reallege and incorporate by reference paragraphs 1-III.

4.1     The United States Supreme Court has held that the "right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes with the "liberty' and 'property' concepts of the Fifth Amendment. *Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 177 (1959).

4.2     Upon information and belief, the City of Seattle does not regulate, or attempt to regulate, persons who are not commissioned police officers to perform the work of scheduling of commissioned police officers for security and traffic control work.  By not attempting to regulate all individuals performing this work and regulating commissioned police officers, the City has created two classifications of individuals:  (a) commissioned police officers who perform scheduling work, and (b) individuals who are not commissioned police officers who perform scheduling work.  The City of Seattle does not have a legitimate interest in regulating or attempting to regulate commissioned police officers for scheduling of off-duty police officers for security and traffic control work.  In fact, the City has a stated interest in acquiring this work and, upon information and belief,

FIRST AMENDED COMPLAINT- 4
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

the City is purposely attempting to find and manufacture reasons to deny secondary work permits to commissioned police officers in order to restrict competition.

4.3   The City's denial of Evans' secondary work permit and/or its practice of requiring commissioned police officers to obtain a secondary work permit for scheduling off-duty police officers violates the due process rights guaranteed by the 14th Amendment by depriving them, including Plaintiff, of the previously enjoyed right to work.

4.4   In issuing or denying "secondary work permits", Defendant acts under "color of law."

4.5   The City of Seattle has unreasonably interfered with Plaintiff's ability to hold private employment or follow his chosen profession by asserting that Plaintiff Raleigh Evans cannot perform scheduling work of off-duty police officers for security and traffic control work.

4.6   Plaintiffs have been injured due to the City of Seattle's denial of a secondary work permit to Officer Raleigh Evans and the implicit threat of discipline that would result should he continue to perform scheduling work for Century Link without a secondary work permit.

V.   1st & 14th AMENDMENTS, 42 U.S.C §1983

5.0   Plaintiffs reallege and incorporate by reference paragraphs I-III.

5.1   On December 13, 2012, in his capacity as a private citizen, Plaintiff Evans wrote an electronic mail to his superiors at the Police Department. The email expressed

FIRST AMENDED COMPLAINT- 5
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

Plaintiff Evans' concern that the City was misapplying Seattle Municipal Code 6t.295, the City's "All Ages Dance Ordinance".

5.2   Following Evans' sending this email, Plaintiff has experienced retaliation, as has been described in paragraph's 3.7 et seq. in this complaint.

## VI. TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

6.0   Plaintiffs have an ongoing business relationship with First & Goal.

6.1   Defendant has knowledge of this relationship.

6.2   Defendant has interfered with this relationship by denying a secondary work permit, without authority or cause, in order to gain a competitive advantage in its goal of providing staffing work to Century Link field.

6.3   Plaintiffs have been damaged by this denial of a secondary work permit and the City's insistence, upon threat of discipline, that a secondary work permit is required under the Seattle Police Department Manual.

## VII. RELIEF REQUESTED

7.1   Plaintiffs request this court to declare that Plaintiff Evans' work scheduling non-law enforcement officers is not regulated by the Seattle Police Department manual.

7.2   Plaintiffs seeks injunctive relief as may be appropriate, including but not limited to an order restricting the City of Seattle from disciplining, or threatening to discipline, commissioned police officers who schedule off-duty police officers who are otherwise complying with all applicable laws governing such work.

FIRST AMENDED COMPLAINT- 6
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

7.3   Plaintiff Evans has suffered emotional distress as a result the conduct described above. Plaintiff Evans seeks monetary relief to compensate him for this emotional distress.

7.4   Plaintiffs seek reasonable attorney's fees and costs, including expert witness fees, whether statutory or equitable, to be assessed herein, as provided by 42 U.S.C. §1988(b).

7.5   Plaintiffs seek such further and additional equitable and legal relief as the court deems just and equitable.

DATED: this 13th day of June, 2014:

BEAN PORTER HAWKINS, PLLC

Matthew J. Bean
WSBA No. 23221
Attorneys for Plaintiffs

LAW OFFICES OF ALEX J. HIGGINS

By: AH by MB
Alex J. Higgins (WSBA #20868)
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT- 7
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury, I electronically filed the foregoing FIRST AMENDED COMPLAINT, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fritz E. Wollett
Gregory Narver
Seattle City Attorney's Office
600 Fourth Ave, 4th Floor
Seattle, WA 98124

Dated this 13th day, June, 2014.

_____
Gloria Hee
Paralegal

FIRST AMENDED COMPLAINT – 8
NO. 2:13-CV-01602 JCC

BEAN PORTER HAWKINS, PLLC
Denny Building, Suite 835
2200 Sixth Avenue · Seattle, WA 98121
Phone 206.522.0618 · Español 206.728.4305
Fax 206.524.3751